## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESEE
## MEMPHIS DIVISION

| | | |
|---|---|---|
| JOHN VANPELT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| v. | ) | |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Defendant, Liberty Life Assurance Company of Boston. ("Liberty Life"), by filing this Notice of Removal, removes this action from the Shelby County General Sessions Court for the State of Tennessee to the United States District Court for the Western District of Tennessee, Memphis Division.  In support of this removal, Liberty Life states as follows:

1.     Removal is proper under 28 U.S.C. § 1441(a) and (b) because this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question) as the claims asserted arise under the "Constitution, laws or treaties of the United States."

2.     Plaintiff filed the initial action in the General Sessions Court for Shelby County, Tennessee on April 30, 2010, alleging claims under Tenn. Code Ann. § 56-7-105, "for wrongful denial of long-term disability benefits under the Group Disability Income Policy, No. GF3-880-004151-01."  The aforementioned statute concerns "bad faith refusal to pay" benefits by an insurer.  This cause of action was given case number 1424514.  A copy of the Civil Warrant and Notice of Service of Process is attached hereto collectively as Exhibit A.

3.     State law claims based on a promise to provide benefits under an ERISA plan are preempted by ERISA, 29 U.S.C. § 1001 *et seq.  See Fisher v. Combustion Eng'g., Inc*., 976 F.2d

293, 296-97 (6th Cir. 1992).  This Court has specifically held that a state law claim for wrongful denial of long-term disability benefits are preempted by ERISA.  *See Shackelford v. Continental Cas. Co*., 96 F. Supp.2d 738, 741 (W.D. Tenn. 2000).

 4. Plaintiff served Liberty Life with a copy of the Civil Warrant on May 7, 2010. The Civil Warrant contained a court hearing date set for May 19, 2010 at 10:00 A.M.

 5. The above-described case is a civil action of which this Court has original jurisdiction under the provisions of the above cited ERISA statutes.

 6. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days of perfection of service to Liberty Life of the Complaint and Summons in this action.

 7. Liberty Life is filing a copy of this Notice of Removal with the General Sessions Court for Shelby County, Tennessee, as required by 28 U.S.C. § 1446(d), and serving a copy with counsel for Plaintiff.

    Respectfully submitted

    FROST BROWN TODD LLC


    /s/ M. Clark Spoden
    M. Clark Spoden
    W. Judd Peak
    424 Church Street, Suite 1600
    Nashville, TN 37219
    (615) 251-5550
    (615) 251-5551 *facsimile*
    mspoden@fbtlaw.com
    jpeak@fbtlaw.com

    *Attorneys for Defendant*
    *Liberty Life Assurance Company of Boston*

Dated:  May 14, 2010

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing document has been served via United States Mail, first class postage prepaid, upon the following: Brett A. Hughes, Esq., 2700 One Commerce Square, Memphis, Tennessee 38103.

On this 14 day of May, 2010.

/s/ M. Clark Spoden
M. Clark Spoden

NSHLibrary 0000000.0001525 89137v1